U.S. Department of Justice

United States Attorney

*District of Columbia*

*Set
This
be
filed,*

---

*Judiciary Center
555 Fourth St N W.
Washington, D C 20001*

May 29, 2008

*JM
Facciola
6/20/08*

**VIA FACSIMILE**
Jonathan Bloom, Esquire
414 Hungerford Drive, Suite 211
Rockville, MD 20850-4125
FAX: 301-251-1192

Re:   Sebastian Miguel Gomez
         CR 08-164

**FILED**

JUN 2 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Dear Mr. Bloom:

     This letter sets forth the full and complete plea offer to your client, Mr. Gomez. This offer is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia and upon the United States Attorney's Office for the Eastern District of Virginia. <u>This plea offer will expire on June 6, 2008.</u> Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

     1. **Charges:** Your client agrees to waive Indictment and to plead guilty to Count Two of a two-count information charging a violation of Title 22, D.C. Code, Sections 3221(b), 3222(b)(2) (Fraud in the second degree). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by your client and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. It is anticipated that during the Rule 11 plea hearing, your client will adopt and sign a Statement of the Offense as a written proffer of evidence.

     The government will move to dismiss the remaining count of the Information, charging aiding and abetting the production of an identification document without lawful authority, in violation of Title 18, U.S. Code, Section 1028(a)(1), at sentencing. Your client agrees that the count to be dismissed at the time of sentencing was based in fact and would not provide a basis for any future claims under the "Hyde Amendment," 28 U.S.C. § 2412, and, thus, specifically agrees not to file any claim under that law.

     2. **Potential penalties, assessments, and restitution**: Your client understands that the maximum sentence that can be imposed is 180 days imprisonment, a fine of $1,000, and a $250 special assessment for the Crime Victims Assistance Fund, pursuant to Title 4, D.C. Code, Section 4-516. Notwithstanding the maximum sentence, your client understands that the sentence to be imposed in this case will be determined solely by the Court, and the government cannot and does not make any promises, representations or predictions regarding what sentence the Court will impose.

Your client further understands that he cannot withdraw his guilty plea if he is not pleased with the Court's sentence. This does not, however, limit your client's right to appeal an unlawful sentence.

3. **Cooperation:** Your client agrees to cooperate completely, candidly, and truthfully in the investigation by this Office and the Federal Bureau of Investigation. Specifically, your client agrees:

a. to provide complete, truthful, and candid disclosure of information and all records, writings, tangible objects, or other requested materials of any kind or description that he has which relate directly or indirectly to the subject of this investigation;

b. to answer completely, truthfully, and candidly all questions put to him by attorneys and law enforcement officials during the course of this investigation;

c. to make himself available for interviews by attorneys and law enforcement officers of the government upon request and reasonable notice;

d. not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity;

e. not to disclose the fact of or details regarding his cooperation with law enforcement to any person or entity;

f. to comply with any and all reasonable requests from federal government authorities with respect to the specific assistance that he shall provide; and

g. to answer, at trial, before the grand jury, or at any hearing arising out of this investigation, all questions put to him by the Court or by the attorney for any party completely, truthfully, and candidly.

4. **Government Concessions:** In exchange for his guilty plea, the government agrees not to oppose your client's release pending sentencing, agrees not to oppose your client's voluntary surrender to commence serving any sentence which is imposed, provided that your client continues to show his acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court. Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against your client in the United States District Court in the District of Columbia or the Superior Court of the District of Columbia for the conduct outlined in the Information. In addition, the United States will not bring any additional criminal charges against your client in the United States District Court for the Eastern District of Virginia for fraudulently obtaining a Virginia driver's license on September 28, 2007, by presenting his fraudulently obtained District of Columbia driver's license in order to avoid taking any knowledge

2

or road skills tests administered by the Commonwealth of Virginia Department of Motor Vehicles. This agreement not to prosecute your client does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. §16 and D.C. § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving your client.

5. At the time of your client's sentencing, the United States will advise the sentencing judge and the probation office of the full nature, extent, and value of the cooperation provided by your client to the United States.

6. **Court is not bound:** Your client understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding his bond status or detention will be made by the Court at the time of his plea of guilty. The Court's decisions in these regards are not grounds for withdrawal from this agreement.

7. **Reservation of Allocution:** The United States reserves allocution, including, among other things, the right: to inform the presentence report writer of any relevant facts; to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of your client's criminal activities, subject to the provisions of the following paragraph.

8. The United States and your client hereby agree that since your client has agreed to cooperate with the United States, information provided by your client shall not be held against him, except as follows:

    a. information that was known to the United States prior to the date this plea agreement was agreed to your client;

    b. in a prosecution for perjury or giving a false statement pursuant to this agreement; and,

    c. if there is a breach of this agreement by your client, as determined under the provisions of this agreement.

In the event of such a breach, the United States retains the right to use any information provided by your client to impeach him at any subsequent proceeding.

9. If in this plea agreement the Government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

10. **Breach of Agreement:** If your client fails to make a complete, truthful, and candid disclosure of information to federal law enforcement officers, government attorneys, and grand juries conducting this investigation, or to the Court, and/or if he commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. If during this investigation or prosecution your client should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the United States may prosecute him for these offenses to the fullest extent provided by law. In the event of a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of your client's release (for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against your client, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this cooperation agreement. Your client waives any right to claim that evidence presented in such prosecution is tainted by virtue of the statements he has made.

11. In the event of a dispute as to whether your client has knowingly given materially false, incomplete or misleading information in fulfilling the terms of his cooperation agreement or whether your client has knowingly committed any other material breach of this agreement, and if the United States wants to exercise its rights under this agreement, and if your client so requests, the matter shall be submitted to the Court and shall be determined by the Court in an appropriate proceeding at which your client's disclosures and documents shall be admissible and at which time the United States shall have the burden to establish the same by a preponderance of the evidence.

12. **Presence of Counsel:** At all briefing and interviewing sessions conducted by investigators and/or attorneys for the government, your client shall be entitled to the presence, advice, and assistance of counsel, unless waived.

13. **Interpreter:** Your client agrees that if an interpreter is required to assist your client in translating this plea agreement into your client's native language, then your client agrees to request the Court, pursuant to 28 U.S.C. § 1827, "The Court Interpreter's Act", to secure the services of a certified interpreter at Court expense to verbally translate the plea agreement for your client into your client's native language. Your client agrees that it is unnecessary for the plea document to be re-written into your client's native language.

14. **USAO's Criminal Division et al. Bound:** Your client understands that this agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia and upon the United States Attorney's Office for the Eastern District of Virginia. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

15. **Complete Agreement:** No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, your client may indicate his assent by signing the agreement in the space indicated below and returning the original to the government once it has been signed by your client and his counsel.

Sincerely yours,

*Jeffrey A Taylor / HS*
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: *Ellen Chubin Epstein*
ELLEN CHUBIN EPSTEIN
SUSAN B. MENZER
Assistant United States Attorneys

5

      I have read this plea agreement and have discussed it with my attorney, Jonathan Bloom, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

      I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorneys in connection with this plea agreement and matters related to it.

Date: _____          _____
                                            Sebastian Miguel Gomez
                                            Defendant

      I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: __6-20-08__          _____
                                            Jonathan Bloom, Esquire
                                            Attorney for the Defendant